JOHN MACHIN, Respondent, *v.* The LAMAR FIRE INSURANCE COMPANY, Appellant.

THE SAME, Respondent, *v.* THE MANUFACTURERS' INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.

(Argued October 9, 1882 ; decided December 28, 1882.)

THESE were actions upon policies of fire insurance.

The prominent questions presented, with the facts pertinent thereto, appear in the following extract from the opinion :

" The building destroyed contained, among other things, a cider press, with the tools, machinery and implements connected therewith, besides a large number of other tools.

"Among the questions sharply litigated upon the trial was that of over-valuation of the property destroyed, particularly the tools, implements and machinery in the building.

" The plaintiff had caused a list to be made by one Herrick, a machinist, containing a large number of articles of machinery, parts of machinery and tools, with the prices carried out

opposite each article; and Herrick being called as a witness by the plaintiff, and testifying that he was a machinist, and that he had made a list of certain articles, and that the value set opposite each article was correct, the list was offered in evidence by the plaintiff and was objected to by the defendant upon the ground that it was incompetent. The objection was overruled and the list received.

" While evidence had been given tending to show that some of the articles contained in the list were in the building at or just previous to the fire, as to many of the articles contained therein there was no such evidence. Upon this state of the evidence the list was incompetent at the time it was offered and received.

" It seems that subsequent to the fire the plaintiff was examined before a notary public, at the instance of the defendant, under a clause in the policy permitting such examination to be had, and upon such examination he produced a list of articles also made by Herrick, which he claimed to have been in the building at the time of the fire, similar in all respects to that produced by Herrick upon the trial and given in evidence by the plaintiff under the defendant's objection. The defendant introduced the examination of the plaintiff taken before the notary, having this list annexed to and forming a part of it, and thus introduced in evidence the very list to which he objected when offered by the plaintiff.

" We think this cured the error originally committed by its admission. The defendant urges that the list, as offered by him, is nothing more than the declarations of the plaintiff, and he is not concluded by them. This is undoubtedly true, but having the right to put the declarations of the plaintiff in evidence, and having done so, they become evidence in the case to be considered by the jury. After the list was introduced by the defendant it could not be said that there was no evidence tending to show the presence of the articles in the building at the time of the fire, for he had introduced the plaintiff's own declarations to that effect.

" The defendant further insists that the referee erred in allowing the question put to the plaintiff, as a witness, and objected to by the defendant, relating to what was done by one

Pharis at the time he visited the plaintiff's premises with a view of taking the insurance in question. The grounds of this objection were that the policy provided that the person obtaining the insurance should be deemed the agent of the insured, and not of the company. We think the referee ruled correctly in allowing the question put to be answered. The answer of the witness went beyond the question, and had the defendant's counsel moved to strike out that portion of the answer which was not responsive to the question, we think the motion should have been granted; but this was not done. The answer was allowed to stand without objection, and it cannot be said, therefore, that the referee erred in any ruling made by him upon this subject."

*J. P. Munro* for appellant.

*George Doheny* for respondent.

TRACY, J., reads for affirmance.
All concur, except RAPALLO, J., absent.
Judgment affirmed.